IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNAN ELLIS, RICH FREIBERG, CHRISTOPHER ROY, and STEPHEN RIES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUB INTERNATIONAL LIMITED,<br><br>Defendant. | Case No. 1:23-cv-06137<br><br>Judge John J. Tharp Jr. |

## ORDER OF PRELIMINARY APPROVAL

**WHEREAS**, a Settlement Agreement, dated March 27, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) Plaintiffs Shannan Ellis, Rich Freiberg, Christopher Roy, and Stephen Ries (collectively, the "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, by and through William B. Federman of Federman & Sherwood, Raina Borrelli of Strauss Borrelli PLLC, and Tyler J. Bean of Siri & Glimstad LLP (collectively, "Class Counsel"); and (ii) Hub International Limited ("Hub" or "Defendant"), for the benefit of all Defendant Released Parties,

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class;

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement.[1]

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

## PRELIMINARY SETTLEMENT CLASS CERTIFICATION

3. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23:

> All persons in the United States whose personal information was accessed or acquired in the Security Incident and/or who were sent a Notice of Data Breach Letter. Excluded from the Settlement Class are (i) Hub, and Hub's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

4. The Court determines that for settlement purposes only, the proposed Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

---

[1] All capitalized terms in this Order adopt the definitions of those terms from the Settlement.

5.     For purposes of settlement only, Plaintiffs Shannan Ellis, Rich Freiberg, Christopher Roy, and Stephen Ries are preliminarily appointed as the Settlement Class Representatives.

6.     For purposes of settlement only, the Court preliminarily appoints, pursuant to Rule 23(g), William B. Federman of Federman & Sherwood, Raina Borrelli of Strauss Borrelli PLLC, and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel for the Settlement Class.

### REASONABLENESS OF THE PROPOSED SETTLEMENT

7.     The Court finds that: (i) the proposed Settlement resulted from extensive and good-faith negotiations at arm's length overseen by an experienced mediator, Judge Diane M. Welsh (Ret.); (ii) the proposed Settlement is in the best interests of the Settlement Class Members; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting notice of the Settlement Agreement to Settlement Class Members, and the scheduling of a final fairness hearing.

8.     The Court finds that the proposed Settlement creates an equitable claims process that will allow Settlement Class Members an opportunity to obtain reimbursement for certain types of harm they may have suffered or an alternative cash payment and to receive credit monitoring and identity theft protection services to prevent against the future risk of harm experienced as a result of the events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Settlement Class's release of claims as described in the Settlement Agreement.

9. Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and directs the Parties to conduct their plan for Notice as described in the Settlement Agreement.

## NOTICE TO THE SETTLEMENT CLASS

10. The Court finds that the Notice proposed in the Settlement Agreement, including in form, content, and method: (a) constitutes the best practicable notice to the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

11. The Parties and Settlement Administrator are authorized to make non-material modifications to the Notices and Claim Form, such as proofing and formatting alterations, without further order from this Court.

12. The Court appoints Angeion as the Settlement Administrator and orders it to provide Notice to the Settlement Class Members and perform services as set forth in the Settlement Agreement, which includes providing the requisite CAFA Notice.

13. The Court orders Defendant to preliminarily fund the Settlement Fund to pay for the Costs of Notice and Administration pursuant to the Settlement Agreement.

14. Within fifteen (15) days after the entry of this Order (that is, by May 8, 2025), Defendant shall provide the Settlement Administrator with the Class List containing Settlement Class Members' names, last known addresses, and email addresses, if either or both are available, as reflected in Hub's records.

15. Within thirty (30) days after receipt of the Class List (that is, by June 9, 2025), the Settlement Administrator shall send, via email, to persons listed on the Class List for whom email address has been identified, the Short Form Notice substantially in the form submitted to the Court; and if no valid email address is found for a Settlement Class Member, such Short Form Notice shall be sent by the Settlement Administrator to the Settlement Class Member's last known mailing address via U.S. mail. The Long Form Notice as well as the Claim Form shall be posted on a Settlement Website to be created by the Settlement Administrator. The Settlement Administrator shall also establish a toll-free phone line for Settlement Class Members to call in order to receive information about the Settlement.

## CLAIMS PROCESS AND DISTRIBUTION PLAN

16. The Settlement establishes a process for assessing and determining the validity of the types of claims available (reimbursement for Out-of-Pocket Losses, or Alternative Cash Payment, and enrollment in credit monitoring and identity theft and protection services), and a methodology for providing the Settlement benefits to the Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves this process and the proposed Settlement Benefits Plan.

17. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim

Form and must submit a Claim to the Settlement Administrator within ninety (90) days after the Notice Deadline (that is, by September 8, 2025).

## EXCLUSIONS FROM THE CLASS

18. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude themselves to the Settlement Administrator, at the address provided in the Notice, postmarked no later than sixty (60) days after the Notice Deadline (the "Opt-Out Deadline"; that is, by August 8, 2025) and sent via first class postage pre-paid United States mail. The written request for exclusion must include the name of this Litigation or a decipherable approximation (*Ellis v. Hub International Limited*, Case No. 1:23-cv-06137 (N.D. Ill.)); the full name, address, and telephone number of the Settlement Class Member or the name, address, telephone number, relationship, and signature of any individual who is acting on behalf of a deceased or incapacitated Settlement Class Member; and the words "Opt-Out" or "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.

19. All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final approval is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement including but not limited to the releases set forth in the Settlement Agreement, and the Final Approval Order.

**OBJECTIONS TO THE SETTLEMENT**

20. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees, and expenses, and/or the request for a Service Award.

21. No Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless the objection is (a) filed with the Court by the Objection Deadline; or (b) mailed via USPS First-Class Mail prepaid to the Clerk of Court and the Settlement Administrator at the addresses listed in the Notice, and postmarked no later than the Objection Deadline, which shall be sixty (60) days after the Notice Deadline (that is, by August 8, 2025), as specified in the Notice. For the objection to be considered by the court, the objection shall:

    a. Clearly identify the case name and number (*Ellis v. Hub International Limited*, Case No. 1:23-cv-06137 (N.D. Ill.));

    b. Include the full name, address, telephone number, and email address of the person objecting;

    c. Include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel);

    d. State whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection;

    e. Confirm whether the objector or counsel on the objector's behalf will personally appear and/or testify at the Final Approval Hearing; and

   f.  Provide the objector's signature and the signature of the objector's duly authorized counsel or other duly authorized representative and a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel or other duly authorized representative has filed an objection to any proposed class action settlement within the last three (3) years.

22. Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights he or she may have to object and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement Agreement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

### STAY OF PROCEEDINGS

23. Except as necessary to effectuate this Order, the above captioned cases and any deadlines set by the Court in this matter are stayed and suspended as to Hub only pending the Final Approval Hearing and issuance of the Final Approval Order, or until further order of this Court.

### CONTINUANCE OF FINAL APPROVAL HEARING

24. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

**ACTIONS BY SETTLEMENT CLASS MEMBERS**

25. The Court stays and enjoins, pending Final Approval, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Hub related to the Security Incident.

**FINAL APPROVAL HEARING**

26. A Final Approval Hearing shall take place before Judge John J. Tharp, Jr., of the United States District Court for the Northern District of Illinois, on October 6, 2025, at 10:00 a.m. by video conference to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice as to the Defendant Released Parties; (b) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (c) the proposed Final Approval Order should be entered; (d) the application of Class Counsel for an award of attorneys' fees and expenses should be approved; and (e) the application for a Service Awards to the Settlement Class Representatives should be approved. Any other matters that the Court deems necessary and appropriate will also be addressed at the hearing. In advance of the Final Approval Hearing, all parties and/or counsel for the parties will receive a Webex link via email to participate in the Final Approval Hearing. Members of the public who wish to listen to the proceedings may contact the Courtroom Deputy to receive a link to connect to the conference.

27. Settlement Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards at least fourteen (14) days before the Opt-Out/Objection Deadline (that is, by July 25, 2025). Settlement Counsel shall submit a Motion for Final Approval by September 15, 2025. Objectors, if any, shall file any responses to Class Counsel's motions no later than fourteen (14) days prior to the Final Approval Hearing (that is, by

9

September 22, 2025). By no later than seven (7) days prior to the Final Approval Hearing (that is, by September 29, 2025), responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement Agreement and/or Class Counsel's application for attorneys' fees and expenses and for Service Awards shall be filed.

28. Any Settlement Class Member who has not timely and properly excluded himself or herself from the Settlement Class in the manner described above, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who has elected to exclude himself or herself from the Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described above and in the Notice.

29. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.

**IT IS SO ORDERED.**

Date: April 23, 2025

John J. Tharp, Jr.
United States District Judge